Attorneys—Charles S. Druggan, for Investment Co.; Hamilton & Kennedy, for Long, all of Columbus.

## U. S. COURT OF APPEALS

No. 214

SMULYAN v. UNITED STATES

U. S. Appeals, 6th Circuit, Cincinnati

No. 3841. Decided Nov. 6, 1923

661. INTOXICATING LIQUORS—Sale of warehouse delivery receipts held not a violation of Prohibition Act, when permit issued to warehouseman.

DENISON, C. J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Smulyan and Walksman, hereafter called vendors, were convicted in the District Court on the charge of selling intoxicating liquor in violation of the Federal statutes. They held six receipts for 600 cases of whiskey stored in the warehouse of Freiberg. Mendelsohn, a broker, learning that vendors wished to sell and that one Cohen, a dealer in intoxicating liquor for nonbeverage purposes, wished to buy, agreed with vendors upon a price they would accept and with Cohen upon a larger price he would pay. Cohen sent the latter amount to Freiberg.

Mendelsohn notified vendors who delivered to Freiberg the six receipts endorsed by them in blank, and Freiberg paid them their selling price and paid the balance to Mendelsohn. Cohen held the necessary permits required by law and they were sent to Freiberg, who filled them out as the law required, but as if he were the owner. The theory of the prosecution was that the sale was from vendors to Cohen and that vendors had made the sale without receiving and executing the proper permits. From the conviction vendors prosecuted error. Held:

These receipts were not bonded warehouse receipts which were a symbolic delivery of the property excusing the want of manual delivery. Each receipt showed that the transaction was not complete until the required permit had been procured and produced to Freiberg, who was thereby in effect appointed to act for the parties in interest in participating in the permit. Because of the limited character of these delivery receipts, since there was never any intention to pass complete title and right of possession without a permit and since a permit was had in due form except that the warehouseman was permitted to appear as vendor, there was no basis for a conviction. Reversed and remanded.

Attorneys—Edward P. Moulinier, Cincinnati (Moulinier, Bettman and others, on the brief), for Smulyan and Walksman; R. T. Dickerson, Cincinnati, Asst. Atty. Gen., and Benson W. Hough, U. S. Atty., Columbus, for the United States.